1  **DUNCAN FIRM, P.A.**
2  James H. Bartolomei III (CA Bar 301678)
   Email: james@duncanfirm.com
3  809 W. 3rd Street
4  Little Rock, Arkansas 72201
   Telephone: (501) 228-7600
5  Fax: (501) 228-0415
6
7  *Attorneys for Plaintiff SOKOLSKYFILM, INC.*
8              **UNITED STATES DISTRICT COURT**
9        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
10
11 SOKOLSKYFILM, INC.,
                        *Plaintiff,*           **COMPLAINT FOR DAMAGES BASED**
12                                              **ON COPYRIGHT INFRINGEMENT**
          V.
13
   LAURA SAYAN JEWELRY LLC,
14
                        *Defendant.*           **JURY TRIAL DEMANDED**
15
16
17
18      Plaintiff Sokolskyfilm, Inc., for its complaint against Defendant Laura Sayan
19 Jewelry LLC, alleges upon personal knowledge as to its own conduct, and on
20 information and belief based on the investigation of Plaintiff's counsel, as to all other
21 conducted alleged herein, as follows.
22              **I.      INTRODUCTION**
23      1.    This is a case about copyright infringement under 17 U.S.C. §§ 101 *et*
24 *seq*. and 505 *et seq*. caused by Defendant Laura Sayan Jewelry LLC related to the
25 copying, displaying and/or distribution of a copyrighted Photo (the "Photo") of an
26 iconic photograph owned by Plaintiff Sokolskyfilm, Inc.
27      2.    Plaintiff also makes claims for copyright management information
28 ("CMI") violations pursuant to 17 U.S.C. §§ 1202 and 1203 et. seq., for each

1  instance the Photo was copied and displayed and the CMI information was deleted,
2  altered, removed and/or false CMI was added by Defendant to the Photo to enable
3  infringement.

## II.  PARTIES

4.  

3. Plaintiff Sokolskyfilm, Inc. ("Plaintiff" or "Sokolskyfilm, Inc.") is a California Corporation with its principal place of business in the District.

4. Defendant Laura Sayan Jewelry LLC ("LSJ") is a New York company with its principal place of business and headquarters at 10000 Santa Monica Blvd., # 3405, Los Angeles, California 90067. Defendant can be served through Laura Ben Oliel Sayan at 10000 Santa Monica Blvd., # 3405, Los Angeles, California 90067. Laura Ben Oliel Sayan is on information and belief the CEO, owner and operator of Defendant.

## III.  JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. and 505 *et seq*.

6. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

7. Venue is proper in this District because Defendant (1) committed copyright infringement (2) expressly aimed at the forum state of California with the promotion and advertising of LSJ's brand (3) and caused harm in this District to Plaintiff.

8. This District and the Western Division are proper venues because the Photo at issue was distributed and copied for advertising directed at LSJ's customers in the District.

9. The claims alleged also arise out of or relate to Defendant's regular and systematic activities in this District, and the fact that Plaintiff would not have been injured but for Defendant's conduct that violated its rights in California.

- 2 -
COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

10. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant LSJ may be found in this District by operating and being found in the District.

11. This Court has *in personam* jurisdiction over Defendant because Defendant availed itself of the privileges of conducting business in this District and the State of California and Defendant incurred a benefit from such infringement of the Photo in the District, thus it is reasonable for Defendant to submit to the jurisdiction of this California federal district court.

12. Defendant has each regularly and systematically transacted business within California, states that on its website that California law applies, and sold goods from the District in California in connection with the matters giving rise to this suit, harming Plaintiff in the District.

## IV. FACTUAL ALLEGATIONS

**A. The Importance of Copyright and Bundle of Rights**

13. Copyrights are the legal title to intellectual property by which creators of original works protect the moral and economic rights in those works.

14. Respecting and defending the financial value of a creator's copyrighted work is a bedrock principle of our democracy, so important that the Founding Fathers enshrined the Constitution with specific references to copyrights, expressly giving Congress the power to "promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. Article I, Section 8.

15. "Copyright law encourages people to create original works and thereby 'ultimately serves the purpose of enriching the general public through access to creative works.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994).

16. The Supreme Court of the United States found that by "establishing a marketable right to the use of one's expression, copyright supplies the economic

incentive to create and disseminate ideas." *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 558 (1985).

17. Section 106 of the Copyright Act (the "Act") grants copyright owners the exclusive public display right and control of the economic value of their work.

18. The Act makes it illegal to publicly perform, publicly display, distribute, or reproduce a copyrighted work except in limited instances, and provides for actual or statutory damages.

19. In 1976, the Act was amended to give creators such as Plaintiff an automatic copyright in the Photos.

20. To file suit based on an alleged infringement, that automatic copyright interest must be registered with the U.S. Copyright Office, which was completed prior to filing suit and prior to infringement.

**B. Background on the Copyrighted Photo**

21. Melvin Sokolsky ("Sokolsky") was an iconic fashion photographer who passed away in 2022 after a storied career.

22. Throughout his work as a photographer, Sokolsky received numerous accolades, including 25 Clio Awards and a nomination from the Directors Guild, underscoring his impact on both photography and television commercials.

23. Sokolsky's work has been exhibited in major museums worldwide, including the Museum of Modern Art and the Louvre, solidifying his status as a significant figure in contemporary art and fashion photography.

24. Some of Sokolsky's photographs have sold for more than $115,000 for a single printed copy.

25.     Sokolsky created the photograph titled *Side Kick* (also known as *Sidekick*) (hereinafter, the "Photo") as part of a series of fashion-centric images featuring model Dorothea McGowan in Paris in 1965. The Photo is shown here:



26.     Plaintiff Sokolskyfilm, Inc. is the business entity that Melvin Sokolsky formed during his lifetime to control and license his intellectual property. Sokolskyfilm, Inc. is now operated by his son, cinematographer, Bing Sokolsky.

27.     Plaintiff Sokolskyfilm, Inc. continues to generate significant income from licensing fees for Sokolsky's copyrighted photographs, including the Photo, as

well as from the sale of authorized fine art editioned prints of those photographs. These works remain protected and commercially valuable intellectual property.

28. Plaintiff Sokolskyfilm, Inc. licenses Sokolsky's works generally through a rights-managed model, limited in scope, duration, and medium.

29. To protect the value and rarity of Plaintiff Sokolskyfilm, Inc.'s works, it generally does not license any of its photos for commercial advertising and promotion of brands such as how Defendant LSJ pirated and exploited the Photo at issue.

30. Plaintiff Sokolskyfilm, Inc. maintains a public-facing website at www.sokolsky.com where it, *inter alia*, promotes Melvin Sokolsky's body of work and solicits licensing inquiries and sales of prints.

31. The Photo was registered with the U.S. Copyright Office under Registration No. TX 7-387-426, with an effective date of February 25, 2009. The registration corresponds to the Photo's first publication in Melvin Sokolsky's book titled *Archive*, published the same year.

32. During his lifetime, Melvin Sokolsky produced a limited run of fine art editioned prints of the Photo, which was offered directly and through various private galleries. Today, the Photo is also available as a fine art print.

33. Plaintiff has, for example, sold multiple authorized prints of the Photo for up to $52,000.00 each, demonstrating the Photo's substantial value as a collectible fine art asset.

34. Plaintiff has, on select occasions, licensed the Photo for limited display in fine art contexts, but has never authorized its use in advertising, promotion, commercial exploitation or brand marketing an online jewelry store.

35. Plaintiff is currently the lawful owner of all rights, title, and interest in the Photo, including the copyright.

36. Plaintiff holds the rights to the Photo by operation of law and through assignment from Melvin Sokolsky and/or his estate.

Case 2:25-cv-07890 Document 1 Filed 08/21/25 Page 7 of 16 Page ID #:7

37.   Plaintiff has never authorized or licensed the Photo to Defendant for any purpose.

**C.   Defendant's willful infringement of the Photo.**

38.   On information and belief, sometime in 2024, Defendant copied, distributed and displayed the Photo without authorization from Plaintiff for promoting LSJ's brand.

39.   In the unauthorized copying, distribution and display of the Photo, on information and belief, Defendant and/or its agents deleted Plaintiff's copyright management information ("CMI") in order to knowingly enable infringement, and hide Sokolsky's name and credit for the Photo.

40.   Nowhere in Defendant's advertisement and promotional posts does Defendant credit Sokolsky.

41.   A simple Google Image search reveals that Melvin Sokolsky's name is credited with the Photo and conducting a search is something a reasonable, sophisticated commercial entity that operates in the fashion industry involving copyrights and trademarks should have done.  Below is a demonstrative screenshot showing what a Google Image search yields if the Photo is uploaded and searched:



COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

42. In early 2025, Plaintiff discovered that a copy of the Photo was being unlawfully displayed and pirated by Defendant on its Instagram page in a post promoting its brand, implying that it had authorization to use this iconic Photo when in fact it did not.

43. The following links contained a copy of where the Photo was displayed: https://laurasayanjewelry.com/ (LSJ's web site) and https://www.instagram.com/p/DERodBdSU5G/.

44. Screenshots of the infringement evidence show the pirated nature of the Photo with no credit to Sokolsky, hiding the CMI and enabling infringement:





45. Defendant LSJ owns, controls and operates the Instagram account https://www.instagram.com/laurasayanjewelry and the web site https://laurasayanjewelry.com/ where the Photo was displayed.

46. On or about July 29, 2025, Plaintiff, through counsel, sent a takedown and cease and desist notice to Defendant.

47. Defendant received the take down notice, and took down the Photo from its site and Instagram account, but willfully ignored Plaintiff's efforts to be fairly compensated.

48. Each display of the Photo was unauthorized, with each medium (website, print etc.) requiring a separate license as Plaintiff generally only licenses its works under a "rights-managed" licensing model.

49. Plaintiff in this 17 U.S.C. § 504(b) action can therefore establish a causal connection and relationship between the infringements, the revenue generated from the infringements, and the monetary remedy sought under the Act, which is neither speculative nor arbitrary.

50. Actual damages should be awarded to Plaintiff from the hypothetical-license value, which constitute an acceptable and recognized form of "actual damages" recoverable under Section 504(b).

51. Where an infringer of a protected work, instead of obtaining permission and paying an agreed licensing fee, proceeds to use that work without permission and without compensating the copyright owner, the copyright owner (e.g., Plaintiff) suffers damages, because Plaintiff was legally entitled to exact a fee for such uses.

52. Whether the infringing Defendant might in fact have negotiated with Plaintiff or purchased at the Plaintiff's price is irrelevant to whether hypothetical-license damages are available.

53. Hypothetical-license damages also assume rather than require the existence of a willing seller and willing buyer. The very word "hypothetical" indicates that damages may be awarded in the absence of an actual license.

54. Plaintiff's damages are measured and determined by the fair market value of license fees by looking at established rates that are regularly paid by licensees in the market.

55. The calculation of a reasonable licensing fee for use of Plaintiff's Photos must be based on such factors as the type of use, size of use, medium, and circulation.

56. Plaintiff may also elect to seek statutory damages under the Copyright Act up to the time judgment is entered.

57. Given Defendant's nature as a business with knowledge of fashion, advertising/marketing, Defendant knew or should have known that the use of the Photo was a violation of Plaintiff's rights.

58. On information and belief, Defendant also more likely than not committed a Copyright Management Information (CMI) violation related to its uses and distribution of the Photo because the Photo's metadata information (and other

- 10 -
COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

information such as Sokolsky's name) associated with the digital files of the Photo were likely deleted or altered from display that were distributed by Defendant more likely than not for the purpose of preventing Plaintiff from discovering those displays and/or enabling infringements. *See* 17 U.S. Code § 1203(3)(B). Each CMI violation carries a minimum award of $2,500 to a maximum award of $25,000, along with reasonable attorney's fees.

59. On information and belief, Defendant intended to commit infringement and knowingly supplied the Photo with removed CMI that enabled infringement.

60. On information and belief, Plaintiff alleges that Defendant removed and/or altered Sokolsky's CMI with a reasonable basis to know that the removal and/or alteration of CMI would prevent or hinder Plaintiff's ability to discover the infringement(s).

61. Given the position of Defendant lacks a license agreement between Defendant and Plaintiff or has any cognizable defense, Plaintiff had no choice but to file a suit to protect Plaintiff's rights and seek fair and just compensation.

## V.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Infringement of Copyrights (17 U.S.C. §§ 106, 501)**

62. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

63. Plaintiff owns a valid copyright registration in the Photo.

64. Plaintiff never provided authorization to Defendant or its partners, owners, agents, licensees, affiliates, employees, contractors, customers, or subscribers to use, copy, publicly display, distribute, license, manipulate, or otherwise commercially exploit the Photo.

65. Defendant has directly infringed Plaintiff's copyright in the registered Photo, by using, copying, publicly displaying, distributing, licensing, manipulating, or otherwise commercially exploiting the Photos, without Plaintiff's authorization.

66. Defendant has caused damages to Plaintiff from copyright infringement of the Photo and who each had the right and ability to take down the Photos after notifications.

67. Defendant had actual knowledge of the infringement of the Photo and materially contributed and caused infringement once Plaintiff sent notice that Defendant was not allowed to display, distribute, and publish the Photo.

68. Defendant is vicariously liable for its respective employees', retailers, contractors' and/or agents' infringement of the Photo as alleged above.

69. Defendant knew or had reason to know of its respective employees, contractors, and agents' infringement and intentionally induced and/or materially contributed to such infringement.

70. Defendant knew or had reason to know of, and materially contributed to the infringement of those to whom each copied, distributed and/or displayed the Photos.

71. Defendant is contributorily liable for their respective employees', contractors', all other Defendants and agents' infringement.

72. Defendant is secondarily liable for their respective employees, contractors, Downstream Infringers and agent's infringement.

73. Plaintiff has suffered actual damages as a direct and proximate result of Defendant's direct and secondary infringement.

74. Plaintiff is entitled to recover damages based on it actual damages suffered as a result of Defendant's infringements and the disgorgement of Defendant's profits attributable to the infringements, pursuant to 17 U.S.C. § 504(b), which amounts will be proven at trial, as well as any licensing fee that Plaintiff could have received if Defendant secured a valid license to the Photos.

75. Pursuant to 17 U.S.C. § 504(c)(2), and as a result of Defendant's infringement of Plaintiff's exclusive rights in the Photo, Plaintiff is entitled to

1  recover statutory damages up to a maximum amount of $150,000 pursuant to 17
2  U.S.C. § 504(c)(1).

3      76.    Plaintiff is entitled to its costs, including reasonable attorneys' fees,
4  pursuant to 17 U.S.C. § 505.

5      77.    Defendant's conduct has caused, and any continued infringing conduct
6  will continue to cause, irreparable injury to Plaintiff, unless enjoined by this Court.
7  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is
8  entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive
9  copyrights in the Photo by the Defendant and all persons acting in concert with the
10 Defendant.

## SECOND CAUSE OF ACTION

### Violations of Copyright Management Information

### Under 17 U.S.C. §§ 1202 & 1203

14     78.    Plaintiff repeats and realleges each and every allegation set forth in the
15 preceding paragraphs of this Complaint.

16     79.    On information and belief, Defendant found the Photo either on
17 Plaintiff's website or another site and caused a copy to be made while ignoring that
18 Sokolsky is the photographer that captured this Photo and/or likely owns the rights
19 to it.

20     80.    Defendant either visited Plaintiff's website and copied the Photo,
21 deleting Plaintiff's CMI from the Photo (the metadata and name) and/or added false
22 copyright management information provided in connection with the reproduction,
23 distribution, and public display and of the Photo on Defendant's Instagram account
24 other social media and/or print and the distribution of the Photo and Defendant
25 intended to facilitate or conceal the infringement of Plaintiff's exclusive copyright.

26     81.    On information and belief, Defendant intended the false copyright
27 management information to induce the public to believe that Defendant had

28

1 permission to copy and display Plaintiff's Photo for advertising, as opposed to Plaintiff, the copyright owner.

82. Defendant's actions constituted willful and deliberate violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a).

83. On information and belief, Defendant knew that their use of the false attribution and/or deleting of Plaintiff's CMI under 17 U.S.C. § 1202 (a) was "False Copyright Management Information," and Defendants, in violation of the law, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, (1) provided copyright management information that Defendant knew was false, and/or despite this knowledge, (2) distributed copyright management information that is false by falsifying the metadata of the Photo.

84. Discovery will show from the metadata that Defendant was charged with preserving when it first changed, deleted, and/or added false CMI to the Photos.

85. Defendant is also liable under 17 U.S.C. § 1202 (b) for "Removal or Alteration of Copyright Management Information" because Defendant, without the authority of the copyright owner, Plaintiff, (1) intentionally removed or altered any copyright management information, such as Plaintiff's name and/or metadata, and (2) Defendant distributed false copyright management information knowing that the copyright management information had been removed or altered without authority of the copyright owner, Plaintiff, or knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that Defendant's conduct will induce, enable, facilitate, or conceal an infringement of any right under this title.

86. By reason of Defendant's CMI violation(s), Plaintiff has suffered damages and is entitled to recover its actual damages and to disgorge any additional profits of Defendant attributable to the violations, pursuant to 17 U.S.C. § 1202(c)(2).

87. Alternatively, and at Plaintiff's sole discretion exercised any time prior to entry of final judgment, Plaintiff is entitled to recover statutory damages in an amount between $2,500 and $25,000 *per violation* of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B) for at least two (2) CMI violations. Discovery may show more violations than are unknown to Plaintiff at this time.

88. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons and entities acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

89. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## VI. RELIEF REQUESTED

90. Wherefore, Plaintiff prays for judgment against Defendant Laura Sayan Jewelry LLC as follows:

    a. Awarding Plaintiff damages derived from the infringing acts, including actual damages for copyright.

    b. Awarding Plaintiff damages derived from the infringing acts for statutory damages for copyright infringement in the exact amount of $150,000.

    c. Awarding Plaintiff damages derived for each CMI violation of $25,000.

    d. Granting Plaintiff injunctive and other equitable relief enjoining Defendant, its respective officers, agents, vendors, servants, and employees, and all those acting in concert, from directly or indirectly reproducing, publicly performing, publicly displaying,

1 | or distributing the copyrighted Photo to which Plaintiff has exclusive rights.

    e.    Disgorging all profits derived by that were obtained as a result of the conduct alleged herein.

    f.    Awarding prejudgment interest to the maximum extent permitted by law.

    g.    Awarding Plaintiff's attorneys' fees, costs, and expenses.

    h.    Awarding such other and further relief that is just and proper.

## VII.  JURY TRIAL DEMANDED

91. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury of all the claims asserted in this Complaint so triable.

Dated: August 21, 2025

                                      Respectfully submitted,

                                      **DUNCAN FIRM, P.A.**

                                      */s/ James H. Bartolomei III*
                                      James H. Bartolomei III

                                      *Attorneys for Plaintiff*
                                      *SOKOLSKYFILM, INC.*